DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIZABETH MARSH,** as personal representative of the **ESTATE OF MINNIE FORD** and **MINNIE FORD,**
Appellants,

v.

**R.J. REYNOLDS TOBACCO CO.,**
Appellee.

No. 4D17-1751

[December 5, 2018]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 502016CA002230XXXXMB.

John S. Mills and Courtney Brewer of The Mills Firm, P.A., Tallahassee, for appellants.

Jeffrey A. Cohen and Benjamine Reid of Carlton Fields Jorden Burt, P.A., Miami, for appellee.

MAY, J.

The plaintiff appeals a final judgment in her favor in tobacco litigation. She argues the trial court erred in reducing her compensatory damages award based on a finding of comparative negligence. The defendant admits that a compensatory damage award is no longer subject to a comparative negligence reduction when the jury finds for the plaintiff on intentional tort claims. But, the defendant cross appeals and argues the reduction was still proper because the trial court erred in denying its motion for directed verdict on the intentional tort claims. We agree with the plaintiff and reverse and remand the case to the trial court on the direct appeal.

The defendant also argues that the strict liability and negligence claims are preempted by federal law, and the application of the *Engle*[1] findings

[1] *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006).

constitutes a due process violation.  We find no merit in these issues and affirm.

When the trial court entered the final judgment, the issue of comparative fault was governed by our decision in *R.J. Reynolds Tobacco Co. v. Schoeff*, 178 So. 3d 487 (Fla. 4th DCA 2015).  Subsequently, the Supreme Court of Florida reversed our decision and announced that "when a jury finds for an *Engle* progeny plaintiff on intentional tort claims, the plaintiff's award may not be reduced by comparative fault."  *Schoeff v. R.J. Reynolds Tobacco Co.*, 232 So. 3d 294, 305 (Fla. 2017).

Here, the jury found for the plaintiff on her fraudulent concealment and conspiracy claims, intentional tort claims.  Under the supreme court's *Schoeff* decision, the plaintiff's compensatory damage award is not subject to a reduction for comparative negligence.  *Id.*  We therefore reverse and remand the case to the trial court for reinstatement of the jury's verdict. We find no merit in the issues raised in the defendant's cross appeal and affirm.

*Reversed and remanded for reinstatement of the jury's verdict.*

FORST, J., and HILAL, JENNIFER, Associate Judge, concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***